## CIRCUIT COURT OF HENRICO COUNTY

Henrico County

    v.

Cherry

March 31, 1967

Case No. M-921

By JUDGE E. BALLARD BAKER

A motion to strike the evidence of the County was taken under advisement by the Court and, following a jury verdict of guilty, was appropriately renewed. In the view of the Court, the question is whether there is sufficient evidence to support a finding that the defendant allowed the dogs to run at large.

In *McDiarmid v. Commonwealth*, 184 Va. 478 (1945), the Court indicated that "allow" in a criminal proceeding means "to permit, consent to, or approve . . . ." It approved a definition which said, "To allow a thing to be done is to acquiesce in or tolerate, knowledge, express or implied, being essential."

In cases involving civil actions growing out of animals being at large, the courts have recognized that statutes providing that owners shall not "permit," "allow," or "suffer" animals to roam are not violated in the absence of at least negligence by the owner. 34 A.L.R.2d p. 1289; 4 Later Case Service, p. 239.

What is the evidence here with respect to these dogs running at large?

Mr. Linhart testified the dogs were at large on October 21, 1966, at 2:00 p.m.; that there was a prior history; that on a number of occasions extending over five years, the dogs came into his yard and jumped against

his window, the last time being about a year ago; that about two years ago, one dog came upon his porch in pursuit of another dog; that he had discussed the situation with Dr. Cherry on three occasions, the last being three years ago; that after the last conversation with Dr. Cherry, the dogs continued to come to his home; that on at least two occasions over a number of years, the dogs ran toward him and stopped a few feet away.

Mr. Cubby testified that he had been seeing the dogs all year but did not indicate where; that he saw the dogs in the Cherry back yard at 11:00 a.m. on October 21, 1966; that he saw the dogs in the road at 2:00 p.m. that same day.

Mr. Midkiff testified that he made deliveries at the Cherry home two or three times a week; that he saw the dogs run around the back of the house a lot about six months ago; that for the last several months, they had been in the pen in the back of the house; that prior to the last few months, he had seen the dogs out in the yard.

Mr Troy testified he worked around the Cherry home in September or October, 1966, and in 1964, and one or more of the dogs might get in the way of the work.

Dr. Cherry testified that several years ago, his dogs would run at large; that he built a dog pen in his back yard about two and one-half years ago after a visit from the warden about the dogs being on the property of other people; that the dogs were confined in the pen every night; that they would be released for a period in the morning before being fed and then placed in the pen before his son went to school; that he has never seen the dogs jump the pen; that his instructions to his son were to get the dogs up before school and then pen them up until the next morning, except when he was playing with them; that he did not know why they were not in the pen on October 21 at 2:00 p.m.; that they had not been running loose in the neighborhood for months.

From this evidence, it appears that the last time prior to October 21 any witness put the Cherry dogs any place off of the Cherry property was about one year ago when they jumped against Mr. Linhart's window. There is evidence that on some later occasions, they were seen on the Cherry property, out of the pen. There is also

evidence that the dogs were permitted out of the pen for a period each morning, but nothing is said as to whether they remained in the yard or wandered the neighborhood.

In 3 C.J.S., *Animals*, § 141, it is said:

> In the absence of express statutory provisions, no criminal prosecution can be predicated on a violation of a statute prohibiting the letting of animals run at large.
>
> Under these statutes, the essential ingredient of the offense is the fact that the owner of the animals knowingly allows them to run at large . . . and the mere fact that they are at large is not sufficient to constitute the offense. . . .

And in 4 Am. Jur. 2d, *Animals*, § 42, the text indicates that a dog is not necessarily "running at large" when it is free from physical restraint. The Court can find no authority for the proposition that a dog is running at large when it is on its owner's property and free from physical restraint, though evidence that it was customarily or even occasionally attracted off of the property by passing persons or animals or that it just wandered off, would be sufficient to conclude that a dog was at large even though on its owner's property.

Here, there is no evidence that these dogs had been off of the defendant's property for one year prior to the attack of October 21, 1966. Mr. Linhart's testimony as to other occasions involving the dogs could refer to anytime during the five years prior to that date. Dr. Cherry's testimony that he did not know the dogs were loose on October 21 is not disputed, nor is there any evidence to contradict his testimony that he instructed that the dogs be penned.

To subject the defendant to criminal liability, there must be evidence that he acquiesced in or tolerated the running at large of the dogs. This could be done by evidence that he actually knew the dogs were at large on the particular occasion and did not restrain them, but this is not shown here. It could be done by evidence that the dogs ran at large to such an extent that the owner's knowledge of the fact could be implied and his

failure to restrain the dogs would show his acquiescence in or toleration of the running. Where, as here, there is direct testimony by the defendant that the dogs had not run loose for several months and there is evidence that instructions were that the dogs be penned -- and there is no attempt by any witness to specify any dates on which the dogs were loose nearer than one year ago -- the Court is of the opinion that the County has failed to produce any evidence that the defendant allowed the dogs to run at large on October 21, 1966.

It follows that the motion to strike the evidence of the County should have been sustained. An order dismissing the charge against the defendant will be entered as of the date of this letter.